Yolanda GONZALEZ, Plaintiff–Appellant,

v.

Jo Anne BARNHART, Commissioner of Social Security Defendant–Appellee.

No. 01–56809.

D.C. CV–00–00535–VAP.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2002.[1]

Decided Nov. 13, 2002.

Before PREGERSON, NOONAN, and TASHIMA, Circuit Judges.

## MEMORANDUM [2]

Plaintiff–Appellant Yolanda Gonzalez appeals the district court's summary judgment affirming the Social Security Commissioner's denial of her application for disability insurance under Title II of the Social Security Act. Specifically, she argues (1) the Administrative Law Judge ("ALJ") erred by considering Gonzalez's four-month employment in 1995 to constitute past relevant work; (2) the ALJ erred

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

in concluding that Gonzalez did not have an impairment listed in Social Security regulations; (3) the ALJ improperly discounted her credibility; (4) Plaintiff–Appellant's age should have been considered a factor in determining disability; and (5) her application for disability insurance of June 7, 1991 should be reopened. We affirm.

We need not elaborate on the facts of this case because they are known to the parties.

Plaintiff–Appellant cites no authority in her brief supporting the conclusion that the part-time nature of the job precludes it from being considered past relevant work, and we find no such authority ourselves.

The ALJ properly concluded that Gonzalez's impairments either singly, or in combination, did not meet or equal a listed impairment. *See* 20 C.F.R. § 404, Subpt. P, App. 1. There is no evidence in the record to support the conclusion that Plaintiff–Appellant met or equaled a listed impairment. To the extent a conflict in medical testimony existed, the ALJ need not have called on the services of a medical expert to resolve such a conflict. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir.1998).

The ALJ based his negative credibility determination on proper grounds. *See Palmer v. University Medical Group*, 994 F.Supp. 1221, 1233 (D.Or.1998).

Because the ALJ properly determined that Plaintiff–Appellant has the residual functional capacity to do her past relevant work, her age was properly not considered. See 20 C.F.R. § 404.1560(b); *see also Bowen v. Yuckert*, 482 U.S. 137, 140–42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

Plaintiff–Appellant's argument that her application of June 7, 1991 should be reopened is without merit.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.